**BOLTON LAW, PLLC**
424 E. Sherman Avenue, Suite 308
Coeur d'Alene, Idaho 83814
Telephone: (208) 306-3360
Facsimile:  (208) 519-3974
K. Jill Bolton ISBN: 5269
Hayes J. Hartman ISBN: 11040
reception@kjboltonlaw.com

**Attorney for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICTOF IDAHO

| | |
|---|---|
| JULIE GROVE,<br><br>                                    Plaintiff,<br>vs.<br><br>RELIANCE STANDARD INSURANCE LIFE INSURANCE COMPANY,<br><br>                                    Defendant. | Case No. 2:21-CV-222<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMES NOW,** JULIE GROVE by and through undersigned counsel, complaining and alleging against RELIANCE STANDARD LIFE INSURANCE COMPANY as follows:

**PRELIMINARY STATEMENT**

This is an action under the common law, statutory and constitutional laws of the United States and the State of Idaho, including federal claims for ERISA violations and seeking compensatory and injunctive relief for damages caused by Defendant's wrongful

denial of benefits under ERISA, 29 USC § 1132 and breach of contract under the laws of the State of Idaho.

## JURISDICTION AND VENUE

This is an action seeking legal, equitable, and declaratory relief pursuant to 29 U.S.C. § 1132 *et. seq*., of the Employee Retirement Income Security Act of 1974 (ERISA), and pendent state law.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction).  Venue in the District of Idaho is appropriate under 29 U.S.C. § 1132(e), in that this is the district where the Plaintiff resides, where the Defendant does business, and where the cause of action arose.

## THE PARTIES

1. JULIE GROVE (hereinafter the "Plaintiff") is a resident of Nez Perce County Idaho

2. Upon information and belief, Defendant RELIANCE STANDARD LIFE INSURANCE COMPANY ("Defendant"), is a Pennsylvania corporation and an insurance company authorized to conduct business and which conducts business in the State of Idaho. Upon information and belief, Defendant is the issuer of the insurance policy at issue in this case.  Defendant is subject to the rules and regulations of the State of Idaho.

## FACTS

3. At all times relevant hereto, Defendant was duly registered and authorized to do insurance business in the State of Idaho and regularly conducted substantial insurance business in the state. Defendant's holds license number 731 with the Idaho Department of Insurance.

4. On or about January 1st 2012, and at all relevant times thereafter, JULIE GROVE was an employee of Clearwater Paper (hereinafter "Employer") and insured under Reliance Standard Life Insurance Company Policy Number LTD 122984 (hereinafter "the policy").

5. As part of its compensation scheme, Employer contracted with Defendant for the provision of long-term disability insurance benefits to its employees, such as Plaintiff.

6. Under said Policy, Plaintiff was and remains a beneficiary, entitled to benefits of said insurance policy upon her becoming totally disabled and incapable of working

7. On or about August 23, 2017, following a contractually mandated elimination period, Plaintiff's physical illnesses, chiefly arthritis, precluded her from performing the material duties of her occupation with Clearwater Paper, or any other occupation, thereby entitling her to disability insurance payments under the policy.

8. Defendant made monthly disability payments under the policy to Plaintiff beginning August 23, 2017.

9. On or about January 18, 2019, Defendant informed Plaintiff, by letter, of their intent to terminate payments to her under the long-term disability policy effective August 23rd, 2019, on the grounds she was no longer totally disabled per the policy's terms.

10. Plaintiff subsequently appealed Defendant's determination of her ineligibly for continued payments. This appeal was ultimately denied in a letter dated December 9, 2019.

11. Plaintiff has exhausted all of Defendant's administrative appeal procedures and all conditions precedent to suit have been satisfied.

## FIRST CAUSE OF ACTION

**Wrongful Denial of Benefits Under ERISA, 29 USC § 1132**

12. Plaintiff hereby incorporates its allegations as set forth in the preceding paragraphs as if restated fully herein.

13. The Defendant wrongfully denied the Plaintiff the disability insurance benefits to which she was entitled.

14. As a result of the acts of the Defendant, the Plaintiff has been damaged in excess of $75,000 (SEVENTY-FIVE THOUSAND DOLLARS) plus interest and attorneys' fees as allowed under the Policy and/or by law.

## SECOND CAUSE OF ACTION

### Breach of Contract under Idaho Law

15. Plaintiff hereby incorporates her allegations as set forth in the preceding paragraphs as if restated fully herein.

16. That Employer and Defendant entered into an enforceable written contract for the provision of disability insurance in exchange for the payment of cash premiums in January of 2012 ("the policy").

17. That, to Plaintiff's knowledge, Employer has paid said premiums since 2012.

18. That Employer employs a significant portion of its workforce in the State of Idaho and that the policy was issued in that jurisdiction.

19. That by virtue of working for Employer, Plaintiff was an intended beneficiary of the policy.

20. That, per the terms of the policy, Defendant was required to supplement Plaintiff's income with cash payments in the event she became totally disabled.

21. That the policy lays out the definition of total disability.

22.     That Plaintiff became totally disabled in the Spring of 2017 under the terms of the policy, in that she is incapable of performing the material duties of any occupation due to her illness.

23.     Alternatively, Plaintiff also meets the definition of total disability under the policy in that she is only capable of performing the material duties of any occupation on a part-time basis or only some of those duties on a full-time basis.

24.     That Plaintiff's total disability persists to this day, thereby continuing Defendant's contractual obligation to make routine cash payments for a contractually defined period.

25.     That Defendant breached the policy in denying Plaintiff continued insurance benefits under the policy, despite her continued eligibility for them.

26.     That, as a result of this breach, Plaintiff suffered damages in an amount to be proven at trial, but at minimum in excess of $75,000. (SEVENTY-FIVE THOUSAND DOLLARS).

## PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

**WHEREFORE**, the reasons set forth in this Complaint, Plaintiff, JULIE GROVE prays the Court for the following relief:

1.      That the Plaintiff have and recover judgment against Defendant for such relief and in such amount(s) as may be proven at trial, together with applicable interest, including a Judgment awarding to Plaintiff all statutory and compensatory damages due under state law for breach of contact. Plaintiff also requests a Judgment awarding Plaintiff all damages due under federal law, as against Defendant for Wrongful Denial of Benefits under ERISA, with Defendant to pay Plaintiff all amounts determined to be due for actual damages, or in the alternative, Defendant pay Plaintiff statutory damages, as authorized by 29 U.S.C. §1132.

Per the policy, Ms. Grove is entitled to damages, in the form of unpaid disability insurance payments, of at least $135, 576, (ONE HUNDRED THIRTY-FIVE THOUSAND FIVE HUNDRED SEVENTY SIX DOLLARS) plus allowable pre-judgment and post-judgment interest.

2. That Defendant be required to pay costs and attorney fees incurred by Plaintiff in bringing this action, pursuant to Idaho Code § 41-1839 and 29 U.S.C. § 1132(g)(1).

3. That the court render a declaratory judgment stating that Plaintiff is entitled to long term disability benefits under the Policy; and

4. For such other and further relief as the Court deems just and reasonable.

5. Plaintiff hereby demands a trial by jury in this matter as guaranteed by the Seventh Amendment to the United States Constitution.

DATED this 21st day of May, 2021

> BOLTON LAW, PLLC
> Attorneys for Plaintiff
>
> /s/ *K. Jill Bolton*
> K. Jill Bolton
>
>
> /s/ *Hayes J. Hartman*
> Hayes J. Hartman

**COMPLAINT AND DEMAND FOR JURY TRIAL** 6