UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JULIE GROVE,<br><br>                          Plaintiff,<br><br>v.<br><br>RELIANCE STANDARD INSURANCE LIFE INSURANCE COMPANY,<br><br>                          Defendant. | Case No. 3:21-cv-00222-CWD<br><br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Cause of Action and to Strike Plaintiff's Jury Demand. (Dkt. 19.) The motion is fully briefed and, upon review, the Court finds the facts and legal arguments are adequately presented in the briefs and record, without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d). The motion will be granted as explained below.

Plaintiff filed a two count complaint on May 21, 2021. Plaintiff contends Defendant wrongfully terminated payments to her under its long-term disability policy, effective August 23, 2019, on the grounds Plaintiff was no longer totally disabled according to the policy terms.

ORDER - 1

Plaintiff's first cause of action is a claim for wrongful denial of benefits under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132. She claims "damages" as allowed under the Policy. Plaintiff's second cause of action is for breach of contract. She claims Defendant "breached the policy in denying Plaintiff continued insurance benefits under the policy," and again seeks "damages." The prayer for relief claims Plaintiff is entitled to "damages, in the form of unpaid disability insurance payments." She demands a trial by jury. (Dkt. 1.)

Defendant moves to dismiss the claim for breach of contract on the grounds it is preempted by ERISA, and moves to strike the demand for a trial by jury, on the grounds that ERISA does not afford a right to a jury trial. Plaintiff's opposition to the motion opens with a concession that her state law claim is preempted by 29 U.S.C. § 1132(a), but next complains that, by doing so, ERISA strips her of her right under the Seventh Amendment to the United States Constitution to a trial by jury and denies her right to bring a legal claim for breach of contract for "damages beyond unpaid benefits." Plaintiff's arguments are not well taken.[1]

According to well-settled law, Plaintiff's breach of contract claim is completely preempted by ERISA. The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans, and thus includes "expansive pre-emption provisions…intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004);

---

[1] Upon initial review of the motion, the Court reasonably expected Plaintiff would request amendment of her Complaint rather than challenge long-established law and precedent that this Court must follow.

ORDER - 2

ERISA § 514, 29 U.S.C. § 1144. Any state-law cause of action that "duplicates, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Davila*, 542 U.S. at 209. Suits brought by a participant or beneficiary of a plan pursuant to ERISA § 502(a)(1)(B) to recover benefits due to her under the plan, to enforce her rights under the terms of the plan, or to clarify rights to future benefits under the terms of the plan, fall within ERISA's ambit. Any other cause of action asserted seeking the same relief falls within the scope of the ERISA civil enforcement mechanism, and is therefore preempted. *Davila*, 542 U.S. at 210. Plaintiff's breach of contract claim is duplicative of her claim brought pursuant to ERISA, as it seeks to recover benefits due under the terms of the plan, It is preempted.

Despite Plaintiff's claim to damages beyond unpaid benefits, Plaintiff does not state a cause of action independent of any legal duty under ERISA. According to the allegations in the complaint, the contractual duty to pay benefits does not arise independently of ERISA or the plan. Plaintiff has not alleged the existence of any contract other than the benefit plan under which she claims entitlement to continued benefit payments pursuant to the plan terms. Liability therefore exists, according to the allegations in the Complaint, only because of the rights and obligations established by the plan. Plaintiff's complaint does not attempt to remedy any violation of legal duty or contractual obligation independent of ERISA. Accordingly, Plaintiff's claims for damages fall entirely within the scope of ERISA § 502(a)(1)(B). *See Davila*, 542 U.S. at 213 – 21 (explaining that a plaintiff's state law claims seeking remedies beyond those

ORDER - 3

authorized by ERISA were preempted when liability derives solely from the rights and obligations established by the benefit plan).

There is no right to trial by jury under ERISA. The United States Court of Appeals for the Ninth Circuit explained in *Thomas v. Oregon Fruit Prod. Co.* that its prior decision in *Spinelli v. Gaughan* reaffirmed the long standing principle that plan participants and beneficiaries are not entitled to jury trials for claims brought under, or preempted by, Section 502 of ERISA. *Thomas*, 228 F.3d 991, 996 (9th Cir. 2000) (citing *Spinelli v. Gaughan*, 12 F.3d 853 (9th Cir. 1993)). Every other circuit that has considered the issue has reached the same conclusion as the Ninth Circuit did in *Spinelli*, and reaffirmed in *Thomas* – if the nature of the issues involved and the remedy sought are limited to the remedies set forth in ERISA § 502(a)(1)(B) or any other applicable subsection of section 502, the claims are equitable in nature, and no right to a jury trial attaches to them. *Thomas*, 228 F.3d at 996 (citing cases).

Plaintiff brings her claim pursuant to ERISA § 502, 29 U.S.C. § 1132, claiming wrongful denial of benefits. Compl. ¶¶ 12-14. She seeks "injunctive relief" and recovery of "unpaid disability insurance benefits." Compl. at 1, 6, and ¶ 13. Her claims therefore fall within ERISA §§ 502(a)(3) and 502(a)(1)(B). She has no right to trial by jury.

ORDER - 4

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

Defendant's Motion to Dismiss and to Strike (Dkt. 19) is **GRANTED**.

Plaintiff's Second Cause of Action for Breach of Contract as set forth in the Complaint is **DISMISSED** with prejudice, and Plaintiff's jury trial demand is **STRICKEN** from the Complaint.